```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

MARGARET KATHLEEN              )
NICKERSON-MALPHER,             )
       Petitioner,             )
                               )
       v.                      )     C.A. No. 10-11033-JLT
                               )
WELLS FARGO BANK, N.A., et al.,)
       Respondents.            )
```

MEMORANDUM AND ORDER OF DISMISSAL

On June 10, 2010, Margaret Kathleen Nickerson-Malpher ("Petitioner") filed her self-prepared document entitled a Notice of Removal which named herself as the pro se Petitioner, Trustor/Grantor.  See Docket No. 1.  Petitioner also filed a Motion for Leave to Proceed In Forma Pauperis.  See Docket No. 2.

I.   In Forma Pauperis

Upon review of Petitioner's Financial Affidavit, the Court concludes that she is without sufficient funds to pay the $350 filing fee.  Accordingly, the Motion (Docket No. 2) for Leave to Proceed In Forma Pauperis is granted.

II.  Screening

Because Petitioner has moved to file this action without prepayment of fees, the Court will conduct a preliminary review of the notice of removal to see if it satisfies the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss in forma pauperis actions if the action lacks an arguable basis either in

law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  An in forma pauperis complaint may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  A complaint may also be dismissed if it fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

    Although pro se pleadings must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that pro se litigants are entitled to liberal construction of their pleadings), Petitioner's notice fails to provide a sufficient basis for removal.[1]

    Moreover, the Court notes that this is not the first Notice of Removal filed by Petitioner in a federal court.  A search of the PACER ("Public Access to Court Electronic Records") database reveals that Petitioner has been a party to at least eight other

---

[1] Section 1447(c) of title 28 provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

federal actions and that she unsuccessfully sought to remove four actions to the District of Arizona and the Western District of Kentucky.  See Nickerson-Malpher v. State of Maine, No. 09-570-TUC-CKJ (remanded Oct. 20, 2009); See e.g. Nickerson-Malpher v. State of Maine, No. 09-570-TUC-CKJ (D. Az., summarily remanded Oct. 20, 2009); Nickerson-Malpher v. State of Maine, No. 09-918 (W.D. Ky., summarily remanded Feb. 3, 2010).

    A.   Petitioner Has Not Followed the
        Procedures for Removal Under 28 U.S.C. § 1446

The statute governing procedures for removal provides that a defendant desiring to remove any action from state court "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal" that contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  It further specifies that the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b).  In this case, Petitioner's notice of removal does not contain a short and plain statement of the grounds for removal.

Additionally, Petitioner has not submitted a copy of all process, pleadings and orders served on her in the state proceeding.  She has not not filed certified pleadings of the

state court record pursuant to Local Rule 81.1.  Under Local Rule 81.1, Petitioner has 28 days after the filing of the Notice of Removal to file certified copies of the state court record and docket.

In fact, Petitioner completely fails to identify the state court action.  The Notice of Removal references two completely unrelated federal actions which were filed in the Northern District of Ohio and the District of Massachusetts.  See Notice of Removal, pages 4, and 6.

    B.    Petitioner Has Not Alleged a Sufficient Basis for Removal Under 28 U.S.C. § 1441

Removal of state court actions is governed generally by 28 U.S.C. § 1441.  In order for this Court to review Petitioner's claims, it must either have (1) federal question or (2) diversity subject-matter jurisdiction over them.  See 28 U.S.C. § 1441; 28 U.S.C. § 1331 (federal questions jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).

Examination of a plaintiff's complaint is the sole method used in assessing whether a case presents a "claim or right arising under the Constitution, treaties or laws of the United States" as provided in 28 U.S.C. § 1441(b).  Rossello-González v. Calderón-Serra, 398 F.3d 1, 10 (1st Cir. 2004); Brawn v. Coleman, 167 F. Supp. 2d 145, 148 (D. Mass. 2001).  Under this "well-pleaded complaint" rule, the federal question must be presented on the face of the original plaintiff's complaint as it stands at

4

the time the notice of removal is filed.  See id.  The well-pleaded complaint rule generally restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiff's complaint.  Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998).  Here, there is no indication that the complaint filed in state court presents a federal question.  See 28 U.S.C. § 1441(a); 28 U.S.C. § 1331.

Additionally, federal defenses that Petitioner may raise do not confer federal jurisdiction on the respondent/plaintiff's claims.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987).  Section 1441(a) of Title 28 authorizes removal only on the basis of claims brought a defendant and not on the basis of counterclaims asserted by him.  See Scotiabank De Puerto Rico v. Residential Partners, S.E., 350 F. Supp. 2d 334, 337 (D. P.R. 2004)(citing Caterpillar, 482 U.S. at 393).  See also Children's Hosp. Corp. v. Kindercare Learning Centers, Inc., 360 F. Supp. 2d 202 (D. Mass. 2005)("'...the existence of a federal defense normally does not create statutory "arising under" jurisdiction.'" citing Aetna Health Inc. v. Davila, 542 U.S. 200 (2004)); Property Clerk, New York City Police Dept. v. Fyfe, 197 F. Supp. 2d 39, 41 (S.D.N.Y. 2002) ("...like a defense, a counterclaim is insufficient to create removal jurisdiction under the well-pleaded complaint rule"); see also Ballard's Serv. Ctr.,

Inc. v. Transue, 865 F.2d 447, 449 (1st Cir. 1989).

District courts have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-374 (1978). Here, there is no indication that the respondent/defendant is not a citizen of Massachusetts that would allow for diversity jurisdiction. See 28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a).

    C.    Petitioner Has Not Alleged a Sufficient Basis for Removal Under 28 U.S.C. § 1443

To the extent petitioner seeks to remove the state court action to this Court pursuant to 28 U.S.C. § 1443, the notice does not provide a statutory basis for removal. Removal under Section 1443 is available only in very limited circumstances.[2]

Removal pursuant to § 1443(1) is proper only when, among other things, it appears "that the right allegedly denied the removal petitioner arises under a federal law 'providing for

---

[2] Section 1443 of title 28 provides for removal to federal court if the prosecution is
    (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
    (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.
28 U.S.C. § 1443 (2002).

6

specific civil rights stated in terms of racial equality'."
Johnson v. Mississippi, 421 U.S. 213, 219, 95 S .Ct. 1591, 1595, 44 L. Ed. 2d 121 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792, 86 S. Ct. 1783, 1790, 16 L. Ed. 2d 925 (1966)).  In the instant matter, petitioner's notice is devoid of any such assertion.

Removal pursuant to § 1443(2) is available only to federal officers and to persons assisting such officers in the performance of their official duties." Greenwood v. Peacock, 384 U.S. at 815.  See also Massachusetts Council of Constr. Employers, Inc. v. White, 495 F. Supp. 220, 221 (D. Mass. 1980). Petitioner does not allege that she is a federal officer or a person assisting such officer.  Therefore, the notice fails to present any statutory basis for the removal of the state court action to this Court under Section 1443(2).

D.   Fair Debt Collections Practices Action

The Court notes that Petitioner's Notice of Removal references the Fair Debt Collection Practices Act, 15 U.S.C.A. §§ 1692, et seq, and the Fair Credit Reporting Act, 15 U.S.C.A. §§ 1681, et seq.  See Notice of Removal, page 9.  Because Petitioner's pleading clearly indicates that she is seeking to remove an action, the Court will not construe this action as a civil complaint.

ORDERED

Based upon the foregoing, it is hereby

ORDERED, Petitioner's Motion to Proceed In Forma Pauperis (Docket No. 2) is ALLOWED; and it is further

ORDERED, this matter is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2) for the reasons stated above.  This order constitutes a final order of dismissal.  No separate order of dismissal will issue.

SO ORDERED.

| | |
|---|---|
| August 3, 2010 | /s/ Joseph L. Tauro |
| DATE | JOSEPH L. TAURO |
| | UNITED STATES DISTRICT JUDGE |